UNITED ARTISTS CORPORATION, Plaintiff, *v.* AMITY AMUSEMENT CORPORATION et al., Defendants.

Supreme Court, Special Term, New York County, October 23, 1946.

*Edward C. Raftery, George A. Raftery* and *John Drew* for plaintiff.

*Arthur Sheinberg, Harry Sabbath Bodin* and *Herbert J. Fabricant* for defendants.

*John J. Bennett, Corporation Counsel (Charles Preusse, Daniel Rosen, Leonard Katlin, Joseph Lucchi* and *James J. Thornton* of counsel), for City of New York, *amicus curiæ.*

WALTER, J. Plaintiff has the distribution rights of a motion picture entitled "The Outlaw". Defendants have contracted with it to exhibit the picture in their theatres for an indefinite run commencing October 26, 1946, but have announced that despite such contracts they will not exhibit the picture because they have been notified by the Police Commissioner and the Commissioner of Licenses of the City of New York that if they do, they will be prosecuted for the crime of exhibiting an obscene and indecent picture and be subjected to proceedings to revoke their licenses to operate their theatres. Plaintiff brings this action to enjoin defendants from refusing to exhibit the picture, i.e., to compel them to exhibit it; and it makes this motion for such injunction *pendente lite.*

The Director of the Motion-Picture Division of the Department of Education of the State of New York has issued a license for the exhibition of the picture and thus impliedly has found that the picture is not obscene, indecent, immoral, inhuman, sacrilegious or of such character that its exhibition would tend to corrupt morals or incite to crime (Education Law, § 1082); but that does not prevent the local police authorities or the county district attorney from prosecuting violations of law (Education Law, § 1092), and of course would not prevent a court or jury from convicting defendants. And if defendants should be convicted of violating any law by exhibiting the picture, the Education Department's license would be *ipso facto* revoked (Education Law, § 1088).

It seems somewhat remarkable that the State Education Department and the New York City officials should arrive at such diametrically opposite conclusions with respect to the picture, but the fact remains that they have done so, and it is not my function to say which official is right. There is not the slightest evidence that the Police Commissioner or the Commissioner of Licenses is acting arbitrarily or capriciously or maliciously in saying that they will proceed against defendants if they exhibit the picture or that they do not seriously mean what they say. On the contrary, they formed and announced their opinion of the picture only after seeing the same at a private, official showing thereof, and they reiterate their views

and their determination in affidavits submitted upon this motion; and the Corporation Counsel has asked and been accorded permission to oppose the motion as *amicus curiæ* and has done so.

Under these circumstances, it seems to me quite unthinkable that a court should order defendants to do an act which almost certainly will subject them to criminal proceedings and may cause them to be convicted of a crime.

The motion is accordingly denied.